UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TARA DELGADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:15-cv-03124-JMG-CRZ |
| | ) |
| GGNSC GRAND ISLAND LAKEVIEW | ) |
| LLC d/b/a GOLDEN LIVING CENTER | ) |
| GRAND ISLAND LAKEVIEW | ) |
| | ) |
| Defendant. | ) |

## **JOINT STIPULATION FOR PROTECTIVE ORDER**

This Protective Order is entered pursuant to Federal Rule of Civil Procedure 26(c). One purpose of this Protective Order is to comply with the Health Insurance Portability and Accountability Act (HIPAA), specifically HIPAA Regulation 45 C.F.R. § 164.512(e), which dictates the protections necessary to permit disclosure of protected health information in the course of a judicial proceeding. The parties hereby stipulate and agree as follows:

1. <u>Definition of Confidential Information</u>. The following shall constitute Confidential Information:

   (a) Personnel information including, but not limited to, personnel files; documents or information that contain personnel information of any past, present, or prospective employees of Defendant; performance ratings; supervisory notes, discipline reports, information relating to employment policies; and documents or information which the parties or the person(s) to which such information refers may claim, understand, or believe to be private, secret, or personal entrusted to someone in the course and scope of employment;

   (b) Documents, lists, and information containing the social security numbers, employee identification numbers, and any other information personal to the individuals listed;

   (c) Non-public financial information including, but not limited to, information regarding earnings, profits, income, and/or financial status, including wage

and benefit documentation or information regarding any employee or former employee of Defendant;

(d) Non-public information of Defendant that contains company policies and procedures, trade secrets, future business plans, market analysis, confidential research, development, commercial or other proprietary information;

(e) Non-public documents and/or information relating to any investigations or studies of any aspect of Defendant's business or operations by a third party consultant, person and/or entity;

(f) Any other information, documents, or things subject to protection under the law, including, but not limited to, Federal Rule of Civil Procedure 26;

(g) Any testimony specifically revealing Confidential Information as defined in Paragraphs 1(a)-(e) above;

(h) Extracts and summaries prepared from such materials set forth in Paragraphs 1(a)-(e) above;

(i) Those portions of briefs, affidavits, and depositions, including exhibits thereto, which contain or restate the Confidential Information; and

(j) Any medical or financial information concerning or related to Plaintiff or any residents or patients of Defendant pursuant to HIPAA.

2. <u>Information that is not Confidential Information</u>. The following shall not constitute Confidential Information:

(a) Information that is public knowledge as shown in publicly available media (except if the information became public knowledge through a violation of this Stipulation);

(b) Information acquired from a third party who lawfully possesses such information and has no obligation to the owner of the information to keep the information confidential or secret; or

(c) Information that is known generally within the industry in which the parties conduct business.

3. <u>Designation of Confidential Information</u>.

(a) The parties shall indicate the confidential nature of documents and other information to be produced and/or the confidential nature of testimony by

affixing the word "CONFIDENTIAL" thereon or by identifying or by designating such documents, other information, and/or testimony as Confidential Information in writing or on the record in a deposition or other transcribed proceeding;

(b) The designation of Confidential Information shall appear on all documents or information containing such material, including portions of depositions, briefs, or correspondence. Confidential designations to deposition transcripts shall be made on the record during such deposition or within thirty days after the party desiring such designation receives the transcript of such deposition.

4. Confidential Information shall be used solely for the preparation, trial, and/or settlement of the action, and shall not be communicated or used for any other purpose whatsoever except as compelled by court order.

5. Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than:

(a) The attorneys of record in this action and their associated attorneys, paralegals, and staff members working on the action;

(b) The parties themselves;

(c) Any employees, advisors, or agents of the parties who assist the attorneys of record in this action; provided, however, that before any such person reviews or receives any Confidential Information, s/he must read a copy of this Stipulation and agree in writing to be bound by its terms unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

(d) Independent consultants, experts retained by the parties to work on the action, and/or treating medical providers of the Plaintiff who shall agree to keep this information confidential;

(e) Witnesses deposed in this lawsuit;

(f) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

(g) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and

(h) The Court and its staff.

6. Third parties producing documents in the course of this action may also designate documents as confidential, subject to the same protections and constraints as the parties to the action. The parties shall treat such third-party designated confidential documents as Confidential Information pursuant to the terms of this Stipulation.

7. If a dispute arises as to the designation of materials as Confidential Information, the parties agree to attempt to resolve the issue in good faith. If the matter is not resolved by the parties themselves, the party challenging the confidential status of information shall bring the dispute before the Court for a determination. The party asserting the confidential status of the information shall have the burden of showing that the materials contain Confidential Information and are thus subject to the restrictions of this Stipulation. During the pendency of the dispute, the materials shall be treated as Confidential Information in accordance with the terms of this Stipulation.

8. Acceptance of materials designated as Confidential Information will not be construed as an admission that the materials are properly designated as Confidential Information. A party need not challenge the propriety of a designation of a document or information as confidential at the time made, and failure to do so shall not preclude subsequent challenge to the designation or constitute any admission of confidentiality.

9. Except as expressly provided herein, nothing in this Stipulation is intended to limit or have the effect of limiting either party's right to make use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure or Rules of Evidence at any time during the pretrial preparation or trial of this case or any time up to and including the entry of judgment. Accordingly, subject to the Rules of Evidence, materials protected by this

Stipulation may be offered in evidence at trial subject to such protective measures as may be directed by the Court.

10. If, at the time of trial, counsel designates any document containing protected Confidential Information on the party's Exhibit list, said counsel shall label the item as "CONFIDENTIAL" to give the opposing party reasonable notice to address the use of said information.

11. In cases of surprise or for good cause shown, if, at the time of trial, counsel intends to introduce any Confidential Information not covered by Paragraph 10, counsel shall so inform the Court and opposing counsel and provide reasonable notice before such Confidential Information may be submitted to the Court or provided to opposing counsel.

12. Neither the provisions of this Stipulation nor any failure by a party to designate any information, document, or material as Confidential Information shall constitute a waiver of the rights of a party to assert confidentiality with respect to the information, document, or material meeting the definition of Confidential Information. Any party who inadvertently fails to identify documents as Confidential Information shall provide written notice of the error immediately and substitute appropriately-designated documents. The information, document, or material identified will be treated as if it had been originally designated as Confidential Information and will be subject to the terms of this Stipulation. Any party receiving the improperly-designated documents shall retrieve such documents from persons not entitled to receive the documents and shall return or destroy the improperly-designated documents.

13. If a party files a document containing Confidential Information with the Court, the party shall do so in compliance with the Court's filing procedures. Prior to disclosure at trial or a hearing, the parties may seek further protections against public disclosure from the Court.

14. At the termination of this litigation, including any appeals, and within ninety days of a written request by the disclosing party to return Confidential Information, counsel for any party that received Confidential Information from an opposing party shall return immediately to counsel for the disclosing party all Confidential Information disclosed subject to this Stipulation. Counsel for a party may retain pleadings containing Confidential Information and work product (*e.g.*, memoranda or attorneys' notes) containing Confidential Information for archival purposes. If the party designating documents as confidential fails to request the return of those documents, the documents will be destroyed.

15. The production of information and/or documents pursuant to this Stipulation shall not constitute an admission that the information and/or documents are relevant, discoverable, or admissible at any trial or hearing in this proceeding. The party producing documents and/or information pursuant to this Stipulation does not waive any objections to the admissibility of such documents and/or information at any hearing, trial, arbitration or other proceeding.

16. Nothing in this Stipulation shall preclude any party from seeking further or different protection from the Court under Federal Rule of Civil Procedure 26(c).

17. The obligations imposed by the Protective Order shall survive the termination of this action, and the Court shall retain continuing jurisdiction to enforce the terms of the Order.

March 21, 2016.

BY THE COURT:

_____
Cheryl R. Zwart
United States Magistrate Judge

**SO STIPULATED:**

| | |
|---|---|
| /s/ Kathleen M. Neary (w/permission) | /s/ Andrew B. Millar |
| Kathleen M. Neary | Charles M. Roesch, Esq. |
| VINCENT M. POWERS & ASSOCIATES | Andrew B. Millar, Esq. |
| 411 South 13th Street, Suite 300 | DINSMORE & SHOHL LLP |
| Lincoln, NE 68508 | 255 East Fifth Street, Suite 1900 |
| Phone: (402) 474-8000 | Cincinnati, Ohio 45202 |
| kathleen@vpowerslaw.com | Phone: (513) 977-8200 |
| | Fax: (513) 977-8141 |
| | chuck.roesch@dinsmore.com |
| | drew.millar@dinsmore.com |

and

Aaron A. Clark (NE #20045)
Ruth A. Horvatich (NE #24776)
MCGRATH NORTH MULLIN & KRATZ, PC
First National Tower, Suite 3700
1601 Dodge Street
Omaha NE 68102
Phone: (402) 341-3070
Fax: (402) 952-9570
aclark@mcgrathnorth.com
rhorvatich@mcgrathnorth.com

Attorneys for Defendant GGNSC Grand Island Lakeview LLC d/b/a Golden Living Center Grand Island Lakeview

10192638v1