IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TARA DELGADO,<br><br>      Plaintiff,<br><br>vs.<br><br>GGNSC GRAND ISLAND LAKEVIEW LLC,<br><br>      Defendant. | 4:15CV3124<br><br>MEMORANDUM AND ORDER |

The following motions are pending before the court:

- Plaintiff's motion to compel, (Filing No. 37);

- Plaintiff's motion to substitute relief sought in the motion to compel, (Filing No. 43); and

- Plaintiff's motion to allow a brief in response to Defendant's sur-reply regarding Plaintiff's motion to compel. (Filing No. 44).

For the reasons discussed below, Plaintiff's motion to compel will be granted in part and denied in part, and Plaintiff's motion to substitute and motion to file will be granted.

BACKGROUND

Plaintiff's complaint alleges she was subjected to sexual and gender-based harassment while working for the Defendant. (Filing No. 15 at CM/ECF p. 2). Plaintiff claims the harassment caused her extreme emotional distress and other psychological conditions. She requests an award of damages. (Filing No. 15 at CM/ECF p. 3). On November 24, 2015, the parties filed their Rule 26(f) Report of the Parties' Planning Conference. (Filing No. 8). In accordance with the report, the court entered its Final Progression Order and set a May 2, 2016 deadline for designating experts. (Filing No. 9).

In July of 2016, Defendant requested a medical examination of Plaintiff by Dr. Bruce Gutnik. Sometime after the examination, Defendant clarified that Gutnik was a consulting expert and would not be preparing a report. (Filing No. 36 at CM/ECF p. 1). Counsel for the parties engaged in discussions regarding whether Plaintiff was entitled to depose Gutnik: They were unable to reach agreement.

On August 26, 2016, Plaintiff filed her motion to compel the deposition of Gutnik. (Filing No. 37). In her reply brief, and in her motion to substitute relief, Plaintiff withdrew her request to depose, and instead requests an order compelling Defendant to produce a written report of Gutnik's examination findings. (Filing No. 41 at CM/ECF p. 1); Filing No. 43). Therefore, the court denies Plaintiff's motion to compel Gutnik's deposition as moot, but will instead consider the substituted and other types of relief requested in Plaintiff's motion to compel. The remaining issues are whether Plaintiff is entitled to an order requiring the creation and production of an examination report from Gutnik, and whether Plaintiff's deadline to designate experts should be extended. (See Filing No. 36).

Plaintiff additionally filed a motion to file a brief in response to Defendant's sur-reply regarding the motion to compel and attached the proposed brief to the motion. (Filing No. 44). The court grants this motion and the undersigned has considered the attached brief in ruling on the pending motions.

ANALYSIS

Plaintiff argues that after submitting to a physical examination by Defendant's expert, Gutnik, under Federal Civil Procedure Rules 26 and 35(b), Gutnik must produce a written report and provide a copy to Plaintiff upon request.

> Rule 35 governs examinations agreed to by parties and provides that after examinations,
>
> The party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report, together with like reports of all earlier examinations of the same condition. The request may be made by the party against whom the examination order was issued or by the person examined.

2

Fed. R. C. P. 35(b)(1). The rule does not distinguish between examinations by testifying or non-testifying experts and the rule has generally been interpreted to mean that the person examined has an absolute right to a copy of the examining physician's report. Decristo v. Southwestern Motor Transport, Inc., 89-6080, 1990 WL 156457 (E.D. PA. Oct. 12, 1990); 8 Wright & Miller, Federal Practice and Procedure § 2237 (1970). Regardless, neither Rule 26 nor Rule 35 require that a non-testifying expert <u>create</u> an expert report.[1]

While Plaintiff submitted to the requested examination, it is unclear whether Gutnik created a written report for the examination. Therefore, the court finds that Defendant's expert Gutnik must provide a copy of any written report concerning the examination to Plaintiff, if such a report exists.

Plaintiff also requests an extension of the deadline to designate experts within her motion to compel. (See Filing No. 36 at CM/ECF pp. 2–3). Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. . . . , [but the] 'existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

---

[1] Plaintiff argues in her brief in response to Defendant's surreply that she is entitled to have Gutnik produce the report pursuant to Federal Rule of Evidence 701. (Filing No. 44-1). However, the court finds that Rule 701 is not applicable to the issue in this motion as Gutnik is not testifying as an expert or otherwise.

Under the Final Progression order entered on December 12, 2015, Plaintiff's deadline for identifying experts was May 2, 2016. (Filing No. 9). Although other continuances have been sought and granted in this case, Plaintiff did not previously request additional time to identify experts. There is nothing in Plaintiff's motions or briefing which describes her diligence in meeting the May 2nd deadline, or explains why she could not identify an expert on or before that date. Plaintiff has failed to show good cause for extending the court's case management order, and her request to extend the deadline for identifying experts must be denied.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to substitute relief sought in her motion to compel, (Filing No. 43), is granted.

2) Plaintiff's motion for leave to allow a brief in response to Defendant's sur-reply, (Filing No. 44), is granted.

3) Plaintiff's motion to compel, (Filing No. 37), is granted in part and denied in part. Defendant must produce any written report of the examination of Plaintiff by Defendant's consulting expert, Dr. Bruce Gutnik, provided such a report exists.

Dated this 23rd day of September, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge