IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| TARA DELGADO, | |
|---|---|
| Plaintiff, | **4:15CV3124** |
| vs. | |
| GGNSC GRAND ISLAND LAKEVIEW LLC, | **MEMORANDUM AND ORDER** |
| Defendant. | |

Defendant has filed a motion to disqualify Plaintiff's counsel. (Filing No. 57). For the reasons discussed below, the motion will be denied.

## STATEMENT OF FACTS

Plaintiff Tara Delgado and Lacie McGee both worked for Defendant at its Lakeview facility. Both filed federal complaints against Defendant,[1] alleging a former employee of Defendant, Roy Miller, subjected them to a hostile work environment and sexual harassment, and that Defendant retaliated against them for reporting Miller's offensive conduct. Both were initially represented by Kathleen Neary.

On July 20, 2016, Neary moved to withdraw as counsel for McGee, explaining:

> Ms. McGee was a supervisor for the Defendant during the relevant time period in which Ms. Delgado alleges that she was discriminated and retaliated against. Due to Ms. McGee's status as a supervisor

---

[1] Lacie McGee was the plaintiff in McGee v. GGNSC Grand Island Lakeview LLC, et al, 8:16-cv-00107-JFB-SMB. That case was dismissed on February 23, 2017. See 8:16-cv-00107, filing 34.

> and the obligations she had under Defendant's policies as well as prevailing case law, there is a great likelihood that the movants would be required to elicit testimony from Ms. McGee in Delgado v. GGNSC that would be adverse to her.

See 8:16-cv-00107, filing 16. The motion to withdraw was granted, and McGee obtained new counsel. Neary continued to represent Delgado.

Defendant argues that Neary must withdraw from both cases. Defendant argues that if McGee was a supervisor whose statements, actions and inactions can bind the company in Delgado's lawsuit, Neary was, in essence, representing both Plaintiff and Defendant in this case and through that representation, gained access to Defendant's confidential information. (Filing No. 58, at CM/ECF p. 7-8). Neary argues that her language in the motion to withdraw was included out of an abundance of caution; that upon reflection, it is clear that McGee was not a supervisor or manager who could bind the company but rather a mere co-employee of Delgado. As such, Neary claims she is not disqualified from continuing to represent Delgado. (Filing No. 64).

## ANALYSIS

"A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." Macheca Transport Co. v. Philadelphia Indemnity Insurance, Co., 463 F.3d 827, 833 (8th Cir. 2006). "Because of the potential for abuse by opposing counsel, disqualification motions should be subjected to particularly strict judicial scrutiny." Harker v. Comm'r, 82 F.3d 806, 808 (8th Cir. 1996)(internal quotations omitted).

2

"The decision to grant or deny a motion to disqualify an attorney rests in the discretion of the [district] court." Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1154 (8th Cir. 1999)(internal quotations omitted). When considering whether an attorney should be disqualified from representing a party, the court may consider the ABA Code or Rules of professional conduct, any rules of professional conduct adopted by the district court,[2] the court's duty to maintain public confidence, and the court's duty to insure the integrity of judicial proceedings. See United States v. Agosto, 675 F.2d 965, 969 (8th Cir. 1982). "In cases where counsel is in violation of professional ethics, the court may act on motion of an aggrieved party . . . to disqualify." O'Conner v. Jones, 946 F.2d 1395, 1399 (8th Cir. 1991). But the Eighth Circuit has not adopted a bright line rule which requires disqualification in all cases where an ethics violation has occurred or will occur unless the attorney in question is disqualified. See Ark. v. Dean Foods Prods. Co., 605 F.2d 380, 383 (8th Cir. 1979)(overruled on other grounds, In re Multi-Piece Rim Prod. Liab. Litig., 612 F.2d 377 (8th Cir. 1980)). The moving party bears the burden on a motion to disqualify an attorney. Turner v. AIG Domestic Claims, Inc., 823 F. Supp. 2d 899, 905 (D. Neb. 2011).

Plaintiff's motion to withdraw—specifically her explicit statement that "Ms. McGee was a supervisor" whose obligations under company policies could subject her to adversarial examination by her own counsel—was not artfully written. But Plaintiff's counsel does not have the authority to decide whether McGee's knowledge, actions or inactions are binding on Defendant such that representing McGee equates with representing the Defendant itself. That is a

---

[2] This court prohibits attorneys from participating in "conduct unbecoming of a member of the bar." NEGenR 1.7(b)(2). The court has not adopted any specific ethical standards, but "in addition to any other material, the court may consult other codes of professional responsibility or ethics to determine whether a lawyer has engaged in conduct unbecoming a member of the bar." NEGenR 1.7(b)(2)(A).

decision for the court, and as to that decision and whether it creates a conflict of interest, counsel's erroneous determination is irrelevant.

Upon a thorough review of not only the evidence submitted on this motion to disqualify, but also Plaintiff's briefing on the motion for summary judgment, it is clear that McGee was never Delgado's supervisor. Plaintiff's summary judgment briefing did not argue that McGee's knowledge of Miller's conduct must be imputed to the company. The court is further convinced that if McGee was a supervisor at all—a fact Defendant specifically denies—she was not at a supervisory level such that her knowledge of any alleged harassment by Miller is deemed knowledge by the company as a whole. McGee was an hourly employee who was hired as a Certified Medication Aide and was a Central Supply Specialist when she resigned. ([Filing No. 75-1, at CM/ECF pp. 3-4](Filing No. 75-1, at CM/ECF pp. 3-4)).

Defendant has failed to prove disqualification is warranted.

Accordingly,

IT IS ORDERED:

1) Plaintiff's Motion for Leave to File Sur-reply Evidence in Opposition to Defendant's Motion for Disqualification, ([Filing No. 75](Filing No. 75)), is granted and Plaintiff's sur-reply, along with Defendant's response to that sur-reply were considered by the court.

2) Defendant's motion to disqualify, ([Filing No. 57](Filing No. 57)), is denied.

3) A telephonic conference with the undersigned magistrate judge will be held on May 2, 2017 at 10:00 a.m. to discuss the trial and pretrial conference scheduling. Counsel shall use the conferencing instructions assigned to this case, (see Filing No. 10), to participate in the call.

April 28, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.